# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MARVIN POWELL, # 297881    *

    Petitioner    *

v.    *    Civil Action No. GLR-13-343

SECRETARY OF PUBLIC SAFETY    *
 AND CORRECTIONAL SERVICES
    *

    Respondent
    ***

## MEMORANDUM

Pending is Marvin Powell's ("Powell") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF Nos. 1 and 3. Respondents, the Secretary of Public Safety and Correctional Services, Warden J. Phillip Morgan and the Attorney General of the State of Maryland, by their counsel, request dismissal because the claims presented have not been exhausted (ECF No. 6). Petitioner has filed a Reply (ECF No. 7). After careful consideration, the Court finds a hearing unnecessary, <u>see</u> Local Rule 105.6 (D.Md. 2011), and will dismiss the Petition without prejudice.

## BACKGROUND

Petitioner Marvin Powell, who is self-represented, is an inmate committed to the custody of the Maryland Division of Correction ("DOC") and presently confined at the Maryland Correctional Training Center. Powell acknowledges that he "plead guilty for catching a new offense after which the Parole Commissioner revoked parole…." <u>Id.</u>, p. 2.[1]

This is his second Petition for a Writ of Habeas Corpus alleging that the DOC improperly rescinded his diminution of confinement credits after the Maryland Parole

---

[1] "If an inmate is convicted and sentenced to imprisonment for a crime committed while on parole and the parole is revoked, diminution credits that were awarded before the inmate's release on parole may not be applied toward the inmate's term of confinement on return to the Division." Md. Code Ann. Corr. Serv. § 3-711.

Commission ("MPC") revoked his parole on April 29, 2010. ECF No. 1, Petition, pp. 2-4.[2] Powell claims that in revoking his parole, the MPC did not revoke his diminution credits.[3] Additionally, he asserts the DOC is ignoring the Commissioner's decision to grant him a 14-month delayed parole release or rehearing. See id.[4]

## DISCUSSION

Before a prisoner may file a petition for habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. See Rose v. Lundy, 455 U.S. 509 (1982). The exhaustion requirement 'is rooted in considerations of federal-state comity," and in the Congressional determination reflected in the federal habeas statutes "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" Preiser v. Rodriguez, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971). Thus, exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995). This requirement is satisfied by seeking review of the claim in the

---

[2] Powell raised the same claim in Civil Action No. GLR-11-3257 (D.Md. 2012). This Court treated his subsequent correspondence as a Motion to Voluntarily Dismiss, and dismissed the Petition without prejudice on August 24, 2012. On October 16, 2012, Powell challenged his parole revocation and diminution credits in a Petition for Coram Nobis which was dismissed on October 25, 2012 in Civil Action GLR-12-3066 (D.Md. 2012).

[3] Powell states after his parole revocation hearing on April 29, 2010, he was given "street time" credits from November 11, 2006 to July 23, 2008, and returned to custody, serving his time in correctional facilities in Baltimore City and eventually on home detention monitoring. He alleges he was four days from successfully completing the Home Detention Monitor Program when he was returned to the D.O.C. because it was discovered he had "too much time left on his sentence to do on home detention." ECF No. 1, p. 3.

[4] Curiously, Powell fails to allege the MPC issued an Order for Release on Parole. In Maryland, a liberty interest in parole arises only after the inmate is served with and signs the Order. See Patuxent Inst. Bd. of Review v. Hancock, 329 Md. 556 (1993); Lomax v. Warden, Md. Corr. Training Ctr., 120 Md. App. 314, aff'd, 356 Md. 569 (1999). A MPC decision to approve an inmate for parole does not amount to a protected liberty interest absent an Order for Release on Parole.

highest state court with jurisdiction to consider the claim. See 28 U.S.C. § 2254(b)(1)(a) and (c) (setting forth exhaustion requirement); Gray v. Netherland, 518 U.S. 152, 161-66 (1996); Coleman v. Thompson, 501 U.S. 722, 731-32 (1991).

In Maryland, exhaustion may be accomplished by raising certain claims on direct appeal and with other claims by way of post-conviction proceedings. A petitioner "bears the burden of demonstrating that state remedies have, in fact, been exhausted." Mallory v. Smith, 27 F.3d 991, 994-95 (4th Cir. 1994). [5]

A Maryland inmate seeking to challenge the calculation of his term of confinement may pursue both administrative and judicial remedies. The inmate may file a grievance with the Inmate Grievance Office ("IGO"). See generally Adamson v. Corr. Med. Servs., Inc., 359 Md. 238, 753 A.2d 501 (2000); Corr. Serv. § 10-206(a). If the grievance is not found to be lacking in merit on its face, it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge. See Md. Code Ann. Corr. Serv. § 10-207(c). An OAH determination that the matter lacks merit constitutes a final decision of the Secretary of Public Safety and Correctional Services for the purpose of judicial review. See id. at § 10-209(b). If the OAH finds merit, an order is forwarded to the Secretary who may affirm, reverse, or modify the order of the OAH. See id. at § 10-209(c).

The Secretary's decision may be appealed in the "circuit court of the county in which the complainant is confined." Md. Code Ann. Corr. Serv. § 10-210(b)(2). The inmate may then request review in the Maryland Court of Special Appeals by filing an Application for Leave to Appeal, see Md. Code Ann. Corr. Serv. § 10-210(c)(2), and, if the Maryland Court of Special Appeals grants the Application for Leave to Appeal, but denies relief on the merits, the inmate

---

[5] The record does not support Powell's conclusory and self-serving claim that "the State must be seen as hiding behind" state laws. (ECF No. 1, p. 2). Powell may pursue his claims before the state courts as appropriate.

3

may seek review in the Maryland Court of Appeals by filing a Petition for Writ of Certiorari. See Williams v. State, 292 Md. 201, 438 A.2d 1301 (1981); Md. Code Ann., Cts. & Jud. Proc. § 12-202.

An inmate who "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits" may request relief directly from Maryland Courts by petitioning for a Writ of Habeas Corpus. See Maryland House of Correction v. Fields, 348 Md. 245, 260, 703 A.2d 167, 175 (1997). The inmate may appeal the Circuit Court's decision to the Maryland Court of Special Appeals, and may thereafter seek certiorari in the Court of Appeals of Maryland. See generally Stouffer v. Pearson, 390 Md. 36, 887 A.2d 623 (2005); Stouffer v. Staton, 152 Md. App. 586, 833 A.2d 33 (2003); Jones v. Filbert, 155 Md. App. 568, 843 A.2d 908 (2004).

In this case, Powell neither alleges nor provides evidence of filing for state habeas corpus relief to challenge the revocation of his diminution of confinement credits or the DOC's purported failure to release him after a favorable parole determination. In Civil No. GLR-11-3257, Powell indicated that he filed a Petition for Judicial Review of the MPC's decision to revoke his parole in the Circuit Court for Baltimore City on July 13, 2011. (Civil No. GLR-11-3257, ECF No. 1, Petition, at 7-8). That Petition was dismissed on September 27, 2011, as untimely. (GLR-11-3257, ECF No. 1, Ex. 1). Powell did not seek to appeal the dismissal in the Maryland Court of Special Appeals. (Civil No. GLR-11-3257, ECF No. 1, Petition at 8; Ex. 1).[6]

Powell raised his claims in a grievance filed with the IGO on June 27, 2011. On August 22, 2011, the grievance was dismissed by the IGO for failure to demonstrate exhaustion of the Administrative Remedy Procedure process provided by the DOC. ECF No. 6, Ex. 2. There is no

---

[6] An action for judicial review of the MPC's decision to revoke parole does not constitute a challenge to an allegedly improper post-revocation rescission of diminution credits by DOC. See Corr. Serv. 7-401 (providing an action for judicial review of decision to revoke parole shall be heard "on the record").

4

evidence, however, that Powell pursued judicial review of the IGO dismissal. In summary, Powell fails to demonstrate exhaustion of state remedies and the Petition must be dismissed.

**CERTIFICATE OF APPEALABILITY**

A Certificate of Appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001). Reasonable jurists would not find Petitioner's claims debatable; consequently, the Court declines to issue a Certificate of Appealability.

**CONCLUSION**

For these reasons, the Court will dismiss the Petition without prejudice for lack of exhaustion and finds no grounds to issue a Certificate of Appealability. A separate Order follows.

May 15, 2013                                     /s/
                                        _____
                                        George L. Russell, III
                                        United States District Judge